# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE JESSE FERRELL, JR., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br> LOUIS DEJOY, et al., <br><br>　　　　　Defendants. | Case No. 1:21-cv-01796-DAD-SKO <br><br> <u>FIRST SCREENING ORDER</u> <br><br> ORDER FOR PLAINTIFF TO: <br><br> (1) FILE A FIRST AMENDED COMPLAINT; OR <br><br> (2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT <br><br> (Doc. 1) <br><br> **THIRTY-DAY DEADLINE** <br><br> <u>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO SUBMIT RECORDING</u> <br><br> (Docs. 3 , 4) |

## I.　　INTRODUCTION

**A.　Background**

On December 21, 2021, Plaintiff Terrence Jesse Ferrell, Jr. ("Plaintiff"), proceeding pro se, filed a complaint against Postmaster General Louis DeJoy, the United States Postal Service, Sonia Laney, Airan Lopez, and Christina Gonzales ("Defendants"), alleging wrongful termination from his position at the United States Postal Office. (Doc. 1 ("Compl.").) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on December 27, 2021. (Docs. 2 &

5.) Plaintiff's complaint is now before the Court for screening.

Upon review, the Court concludes that the complaint fails to state any cognizable claims. Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

Also pending before the Court are Plaintiff's motion for appointment of counsel (Doc. 3) and motion to submit a recording on a USB drive ("motion to submit evidence") (Doc. 4). For the reasons set forth below, Plaintiff's motion for appointment of counsel will be denied without prejudice, and Plaintiff's motion to submit evidence will be denied.

**B.      Screening Requirement and Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### C. Summary of the Complaint

Plaintiff is a white, Christian male, who was born on February 29, 1980. (Compl. at 19.) He alleges that he was wrongfully terminated from his position with the United States Postal Office for "unacceptable conduct." (*Id.* at 7.) According to Plaintiff, Defendant Laney, a manager of the Woodward Park Post Office, was lying when she accused Plaintiff of using a racial slur and making hand gestures toward her on September 21, 2020. (*Id.*)

Defendant Lopez, a manager of the Hughes Post Office conducted an investigation of the alleged incident. (Compl. at 7.) Plaintiff alleges that Defendant Lopez was "not a neutral representative nor did she conduct a thorough investigation," in view of Plaintiff's and Lopez's "past history in which she was proven to have made false allegations in an attempt to wrongfully terminate [Plaintiff] herself." (*Id.*)

Defendant Gonzales, a manager of the Clinter Post Office, "represented the formal A grievance process." (Compl. at 7.) Plaintiff alleges that he presented evidence of a recording from September 21, 2020, to Defendant Gonzales, which proved that Plaintiff never used a racial slur against Defendant Laney. (*Id.*) After listening to the recording, Gonzales "stated on the record" that Plaintiff never stated the nature of Laney's accusation against him. (*Id.*) Nonetheless, Gonzales "still continued to allow the grievance to go on unsettled as she was instructed due to the hatred that [Defendants Lopez and Laney] harvest[ed] against [Plaintiff]." (*Id.*)

In the section of the complaint form in which Plaintiff is asked to identify the specific bases for federal question jurisdiction, Plaintiff listed the following: "labor/management relation [sic]," "Fair Labor Standards Act," "slander," "civil rights," and "False Claims Act." (Compl. at 4.) An EEO Complaint of Discrimination in the Postal Service attached to the complaint indicates that Plaintiff alleged discrimination based on race, color, sex, age, and retaliation. (*Id.* at 15.) Notes from the EEO Alternative Dispute Resolution Specialist assigned to Plaintiff's case similarly reflect that Plaintiff alleged "race, color, religion, sex, age, EPA discrimination when on 9/21/2020 9/20/2020 and 4/30/2021 management removed [Plaintiff]." (*Id.* at 19.) Plaintiff's requested relief includes reinstatement, lost wages, and one million dollars in damages for "pain and suffering." (*Id.* at 7.)

### D. Pleading Requirements Under Federal Rule of Civil Procedure 8(a)

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal–Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Since Plaintiff is appearing pro se, the Court must construe the allegations of her complaint liberally and must afford her the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir.2009). The "sheer possibility" that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II. DISCUSSION

### A. Shotgun Pleading

A "[s]hotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim." *Hughey v. Drummond*, No. 2:14–cv–00037–TLN–AC, 2014 WL 579365, at *5 (E.D. Cal. Nov. 6, 2014) (citation omitted). This violates Rule 10 of the Federal Rules of Civil Procedure, which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable

4

to a single set of circumstances," and Rule 8, which requires that the complaint contain a "short and plain statement" of entitlement to relief.

Here, Plaintiff's complaint simply alleges "[w]rongful termination from the United States Postal Service." (Compl. at 7.) The only mention of any statutory or legal basis for Plaintiff's allegation of wrongful termination is in the section of the complaint form pertaining to federal question jurisdiction, under which Plaintiff lists the following: "labor/management relation [sic]," "Fair Labor Standards Act," "slander," "civil rights," and "False Claims Act." (*Id.* at 4.) This is not sufficient because it does not give Defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims. Plaintiff's complaint does not clearly identify what claims he is asserting, which facts relate to which claim, or how the facts relate to the legal claims raised.

In light of these deficiencies, the Court will grant Plaintiff leave to amend his complaint and set forth his claims more clearly. In any amended complaint, **Plaintiff must clearly state which claim is against which defendant and the facts that support and show that the specific defendant committed the violation asserted as the legal basis for the claim.** *See* **Fed. R. Civ. P. 8(a)**.

### B. Legal Standards

In the event Plaintiff amends his complaint, the Court provides the following legal standards that may be relevant to his action:

#### 1. Title VII Claims

Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, makes it "an unlawful employment practice for an employer" to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). "It is well established that a federal employee or applicant alleging employment discrimination based on race, color, religion, sex, or national origin has a complete remedy under Title VII[.]" *Fitten v. Whitley*, No. 2:21–CV–00513–TLN–AC PS, 2021 WL 4776975, at *5 (E.D. Cal. Oct. 13, 2021) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 834 (1976) (holding that Title VII is the exclusive judicial remedy

for claims of discrimination in federal employment); *Williams v. Gen. Servs. Admin.*, 905 F.2d 308, 311 (9th Cir. 1990) (precluding, in the federal employment discrimination context, claims such as tort and constitutional claims that seek to redress wrongs predicated on discriminatory employment actions where an "adequate statutory procedure exists for dealing with such claims"); *White v. Gen. Servs. Admin.*, 652 F.2d 913, 917 (9th Cir. 1981) (holding that Title VII is the sole remedy for a race discrimination claim by a federal employee, including claims of retaliation for filing EEO complaints)).

As relevant to Defendants Laney, Lopez, and Gonzales, the Court notes that "Title VII does not provide a cause of action for damages against supervisors or fellow employees." *Chacon v. Hous. Auth. of Cty. of Merced*, No. 1:10–CV–2416 AWI GSA, 2011 WL 2621313, at *3 (E.D. Cal. June 29, 2011). The Ninth Circuit has consistently held that non-employer individuals cannot be held personally liable under Title VII. *See Holly D. v. California Institute of Technology*, 339 F.3d 1158, 1179 (9th Cir. 2003) (affirming the district court's grant of summary judgment in favor of an individual defendant because "[w]e have consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees"); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998) ("[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee.").[1]

a. Exhaustion of Administrative Remedies

To establish subject-matter jurisdiction over a Title VII claim, a plaintiff must exhaust his or her administrative remedies. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)). "Under Title VII, a plaintiff must exhaust [his] administrative remedies by filing a timely charge with the [Equal Employment Opportunity Commission ("EEOC")], or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *Id.* (citing 42 U.S.C. § 2000e–5(b)). "The

---

[1] The same exhaustion requirement applies to claims pursuant to the Age Discrimination in Employment Act ("ADEA"), discussed below. *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993) (noting the "the similarities in the Title VII and ADEA statutory schemes" and holding that individual defendants could not be held liable for damages under Title VII or the ADEA even if those defendants were supervisory personnel.)

6

administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." *Id.* (citation, internal quotation marks, and alteration omitted). Substantial compliance with the administrative exhaustion process is a jurisdictional prerequisite to the filing of a civil action against that employer under federal law. *See Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) (case involving Title VII claim). The scope of the claims presented to the EEOC by way of formal charge determines the permissible scope of the claims that may be presented in the district court. *Leong v. Potter*, 347 F.3d 1117, 1121–22 (9th Cir. 2003).

A plaintiff must file an administrative charge with the EEOC against his employer within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e)(1). Title VII provides that within ninety days after the issuance of a right-to-sue notice, "a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1).

To sufficiently allege exhaustion of administrative remedies, Plaintiff "must allege the facts relevant to that charge, including: (1) the alleged violation(s); (2) when the charge was filed; and (3) who it was against. The charge itself should be attached as an exhibit if possible." *Harshaw v. Lew*, No. 1:16–cv–00963–AWI–SKO, 2016 WL 3906913, at *3 (E.D. Cal. July 18, 2016) (quoting *Whitsitt v. Hedy Holmes Staffing Servs.*, No. 2:13–cv–0117–MCE–AC, 2014 WL 5019667, at *3 (E.D. Cal. Oct. 7, 2014)). "A description of the charge to the EEOC and a copy of the right-to-sue notice are necessary to provide the Court with jurisdiction to hear Plaintiff's claims and the scope of its review." *Id.* (citing *Leong*, 347 F.3d at 1122).

Plaintiff's complaint does not allege that he exhausted his administrative remedies. Documentation attached to the complaint indicates that Plaintiff engaged with the administrative process to an extent (*see* Compl. at 14–22), but there is no indication that Plaintiff filed a formal charge with the EEOC or that he has received a right-to-sue letter. In the absence of this information, the Court cannot determine whether Plaintiff has exhausted his administrative remedies as to the conduct alleged in the complaint, and whether it has jurisdiction to proceed with the case under Title VII. Accordingly, Plaintiff may either file an amended complaint alleging

sufficient facts indicating that he has exhausted his administrative remedies, or he may dismiss this action and refile once he has filed a timely claim with the EEOC and received a right-to-sue notice.

### b. Sex, Race, Color, and Religion Discrimination

If Plaintiff has properly exhausted his administrative remedies, the Court will proceed with an analysis of his claims. Title VII states that it is an unlawful employment practice for an employer to discriminate against an employee because of her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(b). To establish a prima facie case of intentional discrimination or "disparate treatment" under Title VII, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004); *see also Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1195–96 (9th Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

At the pleading stage, a plaintiff is not required to allege specific facts establishing each of these four elements to make out the type of prima facie case required at the evidentiary stage. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002); *see also Twombly*, 550 U.S. at 569–70 (reaffirming *Swierkiewicz*). The plaintiff must, however, allege facts sufficient to put the defendant on fair notice of the basis for the claims, including, for example, that the plaintiff's employer discriminated against the plaintiff because of his race, color, religion, sex, or national origin and facts to support that assertion, and at least some facts regarding the adverse employment action and the events leading up to the adverse employment action. *See Swierkiewicz*, 534 U.S. at 514; *see also Fresquez v. County of Stanislaus*, No. 1:13–cv–897–AWI–SAB, 2014 WL 1922560, at *2 (E.D. Cal. May 14, 2014) ("[W]hile a plaintiff need not plead facts constitut[ing] all elements of a prima facie employment discrimination case . . . to survive a motion to dismiss, courts look to those elements . . . so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted

as true, to state a [plausible] claim to relief[.]").

          c.         Retaliation

Title VII prohibits adverse employment actions against an employee who has "opposed any practice made an unlawful employment practice by [Title VII]" or who has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3. To state a claim for retaliation, Plaintiff must establish that: (1) he engaged in a protected activity under Title VII; (2) the employer subjected the plaintiff to an adverse employment action; and (3) a causal link exists between the protected activity and the employer's action. *Westendorf v. W. Coast Contractors of Nevada, Inc.*, 712 F.3d 417, 422 (9th Cir. 2013); *Villiarimo v. Aloha Is. Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000); *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994); *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987). Causation "may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff*, 809 F.2d at 1376.

        2.        ADEA Claims

The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, makes it illegal for an employer:

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
>
> (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
>
> (3) to reduce the wage rate of any employee in order to comply with [the ADEA].

29 U.S.C. § 623(a).

          a.         Exhaustion of Administrative Remedies

The requirement of exhaustion of administrative remedies for Title VII claims, as discussed above, also applies to claims brought under the ADEA. *See Whisitt v. Hedy Holmes*

*Staffing Services*, No. 2:13–cv–0117–MCE–AC, 2014 WL 5019667, at *4–5 (E.D. Cal. Oct. 7, 2014) ("The scope of the [ADEA claims raised in the] EEOC complaint determines the permissible scope of the claims that may be presented in district court.").

### b. Age Discrimination

To establish a prima facie case of age discrimination under the disparate treatment theory of the ADEA, a plaintiff must show that he: "(1) was a member of the protected class (aged 40 or older); (2) was performing his job satisfactorily; (3) was discharged; and (4) was replaced by a substantially younger employee with equal or inferior qualifications or some other circumstances that would lead to an inference of age discrimination." *Brazill v. California Northstate College of Pharmacy, LLC*, 904 F. Supp. 2d 1047, 1052 (E.D. Cal. Oct. 24, 2012) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990)).[2] A plaintiff may also state a claim under the ADEA by alleging he or she was demoted, instead of discharged. *See Jones v. Lehigh Southwest Cement Co., Inc.*, No. 1:12–cv–0633–AWI–JLT, 2013 WL 3006418, at *6 (E.D. Cal. June 14, 2013) (citing *O'Connor v. Counsol. Coin Caterers Corp.*, 517 U.S. 308, 310 (1996)).

### c. Retaliation

To establish a prima facie case of retaliation under the ADEA, as with a Title VII retaliation claim, the plaintiff "must establish (1) that he engaged in a protected activity; (2) that he suffered an adverse employment decision; and (3) that a causal link exists between the protected activity and the employment decision." *Whitshitt v. Barbosa*, No. CIV S–06–0397 MCE JFM PS, 2007 WL 1725487, at *3 (E.D. Cal. June 14, 2007) (citing *Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002)).

**C. Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claim. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give

---

[2] As with claims brought under Title VII, "[a] plaintiff in an ADEA case is *not* required to plead a *prima facie* case of discrimination in order to survive a motion to dismiss" or screening of the complaint. *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012). However, if the "plaintiff pleads a plausible *prima facie* case of discrimination, the plaintiff's complaint will be sufficient to survive a motion to dismiss." *Id.*

leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so Plaintiff can remedy the deficiencies identified in this order. *Lopez*, 203 F.3d at 1126–30.

Plaintiff is granted leave to file an amended complaint within thirty days. If Plaintiff chooses to amend his complaint, in his amended complaint he must clearly state his legal claims, identify which defendant the claim is against, and allege facts that support and show that the specific defendant engaged in conduct asserted as the legal basis for the claim. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading, E.D. Cal. L.R. 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's first amended complaint must be no longer than twenty-five pages, including exhibits.

Plaintiff has a choice on how to proceed. He may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

### III.     MOTION TO FOR APPOINTMENT OF COUNSEL

With respect to Plaintiff's motion for the appointment of counsel, Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789

F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive, and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

Given that the complaint as currently pleaded fails to state any cognizable claims, the Court cannot adequately assess the complexity of Plaintiff's case at this time to determine whether exceptional circumstances exist that would justify seeking counsel willing to represent Plaintiff in this action on a *pro bono* basis. Plaintiff's motion to appoint counsel will therefore be denied at this time without prejudice to its renewal at a later stage of this litigation.

### IV. MOTION TO SUBMIT USB WITH RECORDING

As for Plaintiff's motion to submit evidence, the Court must accept Plaintiff's allegations as true at the pleading stage. *See Wal–Mart Stores, Inc.*, 572 F.3d at 681. Plaintiff is not required to submit evidence in support of his contentions. Therefore, Plaintiff's motion to submit evidence will be denied.

### V. CONCLUSION AND ORDER

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's motion to appoint counsel (Doc. 3) is denied without prejudice;
2. Plaintiff's motion to submit evidence (Doc. 4) is denied. The Clerk of the Court is directed to return the USB drive lodged with the Court to Plaintiff at his address of record;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    a. File a First Amended Complaint; or
    b. Notify the Court in writing that he wishes to stand on this complaint;
4. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:21-cv-01796-DAD-SKO; and

5. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **April 11, 2022**          /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE