# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE JESSE FERRELL, JR., | Case No. 1:21-cv-01796-DAD-SKO |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO PROSECUTE |
| v. | |
| LOUIS DEJOY, et al., | (Doc. 11) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Terrence Jesse Ferrell, Jr. is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed his complaint on December 21, 2021. (Doc. 1). On April 11, 2022, the undersigned screened the complaint, concluding that Plaintiff stated no cognizable claims but providing Plaintiff with options to proceed. (Doc. 11.) Within 30 days of the date of service of the screening order, Plaintiff could file either an amended complaint or a statement that he wishes to stand on his original complaint and have it reviewed by the presiding district judge. (*Id.* at 2, 12.) Plaintiff was warned in the screening order that the Court would recommend that the case be dismissed if he did not file anything. (*Id.* at 2, 13.) To date, Plaintiff has not filed either an amended complaint or a statement that he stands on his original complaint, and the time to do so has passed. (*See* Docket.)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District

courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the screening order, there is no alternative but to dismiss the action for his failure to obey a court order and failure to prosecute.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to obey a court order and failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). <u>Within fourteen (14) days</u> after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 23, 2022**               /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE